IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| IN RE: | § | |
|---|---|---|
| | § | |
| JPMCC 2002-CIBC4 HIGHLAND RETAIL, LLC | § § § | CASE NO. 10-11331 |
| | § | (CHAPTER 11) |
| DEBTOR | § | |

## APPLICATION FOR AN ORDER APPROVING THE RETENTION OF AKIN GUMP STRAUSS HAUER & FELD LLP AS COUNSEL FOR DEBTOR IN POSSESSION

COMES NOW the above-captioned debtor in possession (the "Debtor") and files this *Application for an Order Approving the Retention of Akin Gump Strauss Hauer & Feld LLP as Counsel for Debtor in Possession* (the "Application"). In support of this Application, the Debtor states as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 1408. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory predicates for the relief sought herein are § 327 of title 11 of the United States Code (the "Bankruptcy Code"),[1] Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014 of the Local Rules for the United States Bankruptcy Court for the Western District of Texas (the "Local Rules").

---

[1] Unless otherwise noted, section (§) references herein are to the Bankruptcy Code.

## II. BACKGROUND

3. On the date hereunder (the "Petition Date"), the Debtor filed a petition pursuant to chapter 11 of the Bankruptcy Code with this Court. The Debtor continues to operate its business pursuant to §§ 1107(a) and 1108.

4. Additional information regarding the Debtor and the events leading up to the commencement of this chapter 11 case can be found in the *Affidavit of Matilde G. Borchers*.

## III. RELIEF REQUESTED

5. Pursuant to § 327(a) and Bankruptcy Rule 2014, the Debtor requests authority to employ and retain the law firm of Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") as its counsel, effective as of the Petition Date, in connection with the Debtor's chapter 11 case. In support of the Application, the Debtor submits the *Affidavit of Charles R. Gibbs in Support of Application for an Order Approving the Retention of Akin Gump Strauss Hauer & Feld LLP as Counsel for Debtor in Possession* (the "Gibbs Affidavit") which contains the disclosures regarding connections with parties in interest required by Bankruptcy Rule 2014 and the statement regarding compensation required by § 329, Bankruptcy Rule 2016(b) and Local Rule 2014. Accordingly, the Debtor respectfully requests entry of an order pursuant to § 327 authorizing the Debtor to employ and retain Akin Gump as its counsel under a general retainer to perform legal services necessary to the prosecution of this chapter 11 case.

## IV. BASIS FOR RELIEF

### A. Necessity of Employment and Services to Be Rendered

6. The Debtor is not a bankruptcy attorney, and accordingly requires professional assistance to navigate the chapter 11 process and professional advice regarding how to execute faithfully its duties as a debtor and debtor in possession and how to prosecute its chapter 11 case. The Debtor seeks to retain Akin Gump as its counsel to provide assistance and advice because

Akin Gump has both broad bankruptcy experience and deep knowledge and familiarity with the Debtor's business affairs. This unique combination makes Akin Gump the most effective and efficient firm to represent the Debtor in this case. Akin Gump has extensive bankruptcy experience derived from its representations of numerous creditors, official committees of unsecured creditors and debtors in chapter 11 reorganization cases, as described in detail below. Attorneys at Akin Gump are also knowledgeable about the Debtor's business affairs from their prepetition representation of the Debtor. If the Debtor is required to retain attorneys other than Akin Gump in connection with the prosecution of this chapter 11 case, the Debtor, its estate and all parties in interest will be prejudiced by the time and expense needed to educate such attorneys about the intricacies of the Debtor's business operations.

7. The Debtor respectfully submits that it is necessary and appropriate for it to employ and retain Akin Gump to provide, among other things, the following services:

(a) Render legal advice regarding the powers and duties of a debtor that continues to operate its business and manage its property as a debtor in possession;

(b) Take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate;

(c) Prepare on behalf of the Debtor, as a debtor in possession, all necessary motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtor's estate and appear on Debtor's behalf at all hearings regarding the Debtor's case;

(d) Negotiate, prepare and file a plan of reorganization and related disclosure statement(s) and all related documents, and otherwise promote the financial rehabilitation of the Debtor; and

(e) Perform all other necessary legal services in connection with the prosecution of this chapter 11 case.

B. **Qualifications of Professionals**

8. The Debtor selected Akin Gump because Akin Gump possesses extensive knowledge and expertise in the areas of law relevant to this chapter 11 case, including bankruptcy, reorganization, litigation, commercial, real estate, and tax issues. In selecting counsel, the Debtor sought attorneys with considerable experience in chapter 11 reorganization cases and other debt restructurings. Akin Gump has such experience, as Akin Gump is currently representing or has represented clients in many significant chapter 11 reorganizations, including the following chapter 11 cases: *In re Allegiance Telecom, Inc.*; *In re American Commercial Lines LLC*; *In re ATA Holdings Corp.*; *In re Calpine Corp.*; *In re Collins & Aikman Corp.*; *In re Delta Air Lines, Inc.*; *In re Edge Petroleum Corp.*; *In re Exide Technologies, Inc.*; *In re Flag Telecom Holdings Limited*; *In re Foothills Texas, Inc.*; *In re Gadzooks, Inc.*; *In re General Growth Properties, Inc.*; *In re Globalstar, LP*; *In re Hayes Lemmerz, Inc.*; *In re Heilig Meyers Company*; *In re Kaiser Aluminum Corp.*; *In re LandAmerica 1031 Exchange Services, Inc.*; *In re Lernout & Hauspie Speech Products, N.V.*; *In re Loral Space & Communications Ltd.*; *In re LTV Steel Company, Inc.*; *In re Magellan Health Services, Inc.*; *In re Nortel Networks, Inc.*; *In re Pegasus Satellite Television, Inc.*; *In re Polaroid Corp.*; *In re Propex Inc.*; *In re Quebecor World (USA), Inc.*; *In re Solutia Inc.*; *In re Tower Automotive, Inc.*; *In re Venture Holdings Company, LLC*; *In re Verado Holdings, Inc.*; *In re VeraSun Energy Corp.*; *In re WorldCom, Inc.*; and *In re XO Communications, Inc.*

C. **Professional Compensation**

9. The Debtor seeks to employ Akin Gump under a general retainer and in accordance with Akin Gump's normal hourly rates and disbursement policies.

10. The Debtor was formed as a Texas limited liability company on or about December 16, 2009, at which point Akin Gump commenced providing bankruptcy and

reorganization legal services to the Debtor. As set forth in the Gibbs Affidavit, Akin Gump rendered prepetition services to the Debtor related to the preparation of this chapter 11 case for which it has been paid.

11. Wells Fargo Bank, N.A., as trustee for the registered holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates Series 2002-CIBC4 (the "Trust") and LNR Partners, Inc. ("LNR") in its capacity as special servicer for the Trust. In such capacity, the Trust was the owner and holder of the mortgage on the Ground Lease securing certain obligations of Highland Mall Limited Partnership ("HMLP"). Akin Gump represented the Trust in enforcing certain rights against HMLP, including the assumption by the Debtor, as the Trust's designee, of the Ground Lease. Akin Gump's representation of the Trust in connection with the this matter ceased upon the Debtor's formation, however, at which point Akin Gump became counsel for the newly-formed Debtor. Further discussion of the relationship among the Debtor, LNR and the Trust may be found in the *Affidavit of Matilde G. Borchers* filed contemporaneously herewith.

12. Subject to this Court's approval, Akin Gump will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, subject to §§ 328(a) and 330. The current hourly rates charged by Akin Gump for professionals and paraprofessionals employed in its offices are provided below:

| Billing Category | Range |
| --- | --- |
| Partners | $485-$1,150 |
| Special Counsel and Counsel | $395-$835 |
| Associates | $325-$605 |
| Paraprofessionals | $125-$290 |

The Debtor believes that the proposed rates are reasonable. These hourly rates are subject to periodic adjustments (typically in December of each year) to reflect economic and other

conditions. Akin Gump will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above. The Debtor understands that Akin Gump intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the United States Trustee and further orders of this Court for all services incurred after the Petition Date until this case is closed.

13. The names and positions of the Akin Gump attorneys currently expected to have primary responsibility for providing services to the Debtor are as follows: Charles R. Gibbs (Partner, Financial Restructuring), Scott Barnard (Partner, Litigation), Michael P. Cooley (Senior Counsel, Financial Restructuring), and Clayton D. Ketter (Associate, Financial Restructuring). In addition to the foregoing lawyers, it will be necessary during the course of this case for other Akin Gump professionals in other legal disciplines to provide services to the Debtor.

### D. Lack of Adverse Interests

14. To the best of the Debtor's knowledge, and except as otherwise disclosed in the Gibbs Affidavit, Akin Gump has not represented the Debtor, its creditors, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtor or its estate.

15. To the best of the Debtor's knowledge, and except as otherwise disclosed in the Akin Gump Affidavit, Akin Gump does not hold or represent any interest adverse to the Debtor's estate, is a "disinterested person" as that phrase is defined in § 101(14), and such employment is necessary and in the best interests of the Debtor and its estate.

### V. WAIVER OF BANKRUPTCY RULE 6004

16. To implement the foregoing successfully, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property of the estate under Bankruptcy Rule 6004(h).

## VI. NOTICE

17. No trustee, examiner, or statutory creditors' committee has been appointed in this chapter 11 case. Notice of this Application has been provided to: (i) the United States Trustee for the Western District of Texas; (ii) American General Life and Accident Insurance Company; (iii) the Debtor's 20 largest unsecured creditors; (iv) the Office of the United States Attorney for the Western District of Texas; (v) the Internal Revenue Service; (vi) persons who have filed a request for notice pursuant to Bankruptcy Rule 2002 and such other government agencies to the extent required by the Bankruptcy Rules and Bankruptcy Local Rules. The Debtor submits that no other or further notice need be provided.

## VII. NO PREVIOUS REQUEST

18. No previous request for the relief sought herein has been made to this or any other Court.

## VIII. CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order granting the Application and granting such other and further relief as the Court deems appropriate.

Dated: May 13, 2010

Respectfully submitted,

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By: _____/s/ Charles R. Gibbs_____
Charles R. Gibbs (SBN 07846300)
Michael P. Cooley (SBN 24034388)
Clayton D. Ketter (SBN 24053651)
1700 Pacific Avenue, Suite 4100
Dallas, TX 75201-4675
Telephone: 214.969.2800
Facsimile: 214.969.4343

**PROPOSED ATTORNEYS FOR JPMCC 2002-CIBC4 HIGHLAND RETAIL, LLC**